# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 19-671 (FLW) (TJB) |
| v. | : | |
| CINDI COLLINS et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff *pro se*, Luis Rodriguez ("Plaintiff"), who is civilly committed at the Special Treatment Unit, in Avenel, New Jersey, seeks to bring a civil rights action under 42 U.S.C. § 1983. A complaint must generally include either a $400.00 fee (a $350.00 filing fee plus a $50.00 administrative fee) or an application to proceed *in forma pauperis*.[1] 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff's filing included neither. Accordingly, the Clerk of the Court will be ordered to administratively close the case. Plaintiff may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

I note, however, that Plaintiff seems primarily to be raising a challenge to the basis for his civil commitment and seeking an order from the Court directing his release.[2] (*See* Compl., ECF No. 1, at ECF pp. 1–7.) Insofar as Plaintiff is challenging the lawfulness of his commitment or seeking an order of release, he may do so only by filing a petition for writ of habeas corpus,

---

[1] A litigant who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the litigant is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1).

[2] Plaintiff does also seem to seek damages for his family because they have been unable to see him during his commitment. Potential further portions of Plaintiff's demand for relief appear to have been partially erased and are now illegible. (*See* ECF No. 1 at ECF p. 7.)

under 28 U.S.C. § 2254, not with a civil suit under § 1983.  *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that litigants must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody").  Thus, this civil action cannot result in Plaintiff's release.  In that regard, I will direct the Clerk to send Plaintiff a form petition for writ of habeas corpus in the event he seeks to be released from civil commitment.

Therefore, IT IS, on this 6th day of March 2019,

ORDERED that the Clerk shall administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original Complaint was timely; and it is further

ORDERED that Plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this order, Plaintiff either pre-pays the $400 filing fee **or** submits to the Clerk a complete signed *in forma pauperis* application; Plaintiff is well-advised that, if his intention is to seek release from civil commitment, he must file a petition for writ of habeas corpus, which is a separate civil matter; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail:  (1) this Memorandum and Order; (2) a blank Application to Proceed *in Forma Pauperis* in District Court Without Prepaying Fees or Costs, form AO 239 (Rev. 01/15); and (3) a blank Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, form AO 241 (Rev. 06/13).

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge
